IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILIMER JEROME KNIGHT,

    Plaintiff,

v.                                                                     Civil Action No. **3:10CV351**

J. WOODY, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Wilmer Jerome Knight, a Virginia state inmate proceeding *pro se* and *in forma pauperis*, brings this action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

## I. PROCEDURAL HISTORY

### Preliminary Review

    This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (*citing Bell Atl. Corp.*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

By Memorandum Order entered on March 9, 2011, the Court directed Plaintiff to particularize his complaint. Plaintiff submitted a particularized complaint. Plaintiff's particularized complaint, however, is not a significant improvement over the original complaint. In the particularized complaint, Plaintiff makes the following "Statement of the Claims":[1]

> The Defendants each and every one of them are in fact is a part of the 3 Building Special Housing Unit of the I.C.A. Board staff members administrative of segregation. Defendant(s) all played their part and roll in the full acknowledgement of putting me under the civil rights 28 U.S.C. section cruel and unusual punishment 27 AMUL. Rev. 92 NI (1977). And it's a U.S. Constitutional of rights violations under my 8th, 11th, and 14th Amendments of rights.

---

[1] Where possible the Court has corrected the capitalization, punctuation, and spacing in the quotations to Plaintiff's Particularized Complaint.

> The Defendants: 1. J. Woodson, 2. A. Jones, 3. Mr. Spencer, 4. Ms. R. Wallace, and 5. Ms. Adams all knew that I, the plaintiff, Wilmer J. Knight, #1005672, was being held under administrative of segregation from the date of 5-19-2009. For medical health care mistreatment by the doctor Ms. P. Warren. The Defendants all violated my procedural of due process of rights and put me under unlawful use [of] unillegal solitary confinement to long term administrative segregation. The Defendants all acted under grossly negligent. *See Meriweather v. Coughlin*, 879 F.2d 1037 (2d Cir. 1989). It was also a violation of my equal protection of my rights under my 14th Amendment of rights. After months later a new counselor came to work in 3-Building Housing Unit name is Mr. Judkins was my counselor. All of the Defendants knew my annual review for the month of January 2010 year was in. The defendants all knew the unit manager Mr. Spencer and counselor Mr. Judkins playing about my G.C.A. lower level 3 Security Custody Review was denied by them. The [Sussex I State Prison] I.C.A. Board staff members keep me at a higher Level 5 Security Prison without putting me in for my lower Level 3 of a security institutional transfer. As the Virginia state law state of a yearly annual review and G.C.A. rule are. It's the Division Operating Procedure 1. 866.1. 2. 8.66-.713. 3. 866.714 and 4. 866.7.15 I.C.A. hearings [citation omitted]. The new director: Mr. Harold W. Clarke, Offender Management Services office, the date of January 21, 2011. Now it's a new counselor : Mr. Stephens, and Ms. R. Wallace has change her job title to Unit Manager of 3-Building Housing Unit.

(Particularized Compl. 1-3.) Thereafter, Knight contends that his confinement in "administrative segregation" for 22 months constitutes an "unlawful [and] unillegal use of solitary confinement." (Particularized Compl. 3.)

As best as the Court can discern, Knight claims that he is entitled to relief upon the following grounds:

Claim 1     Knight's prolonged confinement in administrative segregation violated his rights under the Eighth Amendment.[2]

Claim 2     Knight was denied due process[3] by:
    (a)    Defendants "playing about" (Part. Compl. 2) his Good Conduct Allowance ("GCA") and security classification; and,
    (b)    his prolonged confinement in administrative segregation

---

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV § 1.

Claim 3    Knight was denied equal protection.[4]

The Court recently rejected nearly identical claims by Knight. *Knight v. Johnson*, No. 3:10CV648, 2011 WL 4101664, at *3-*8 (E.D. Va. Sept. 14, 2011).

### Analysis

In order to state a viable claim against an individual under 42 U.S.C. § 1983, a plaintiff must allege facts that plausibly suggest that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (*citing* 42 U.S.C. § 1983).

#### A.    Claim 1: Eighth Amendment

To the extent that Knight contends that his conditions of confinement violated the Eighth Amendment, he must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (*quoting Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (*quoting Strickler*, 989 F.2d at 1381).

Knight does not describe the conditions of his confinement. Knight fails to show how any of the conditions of his confinement amount to a serious deprivation of a basic human need. *See Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996); *Lamp v. Wallace*, No. CIV A 304CV317, 2005 WL 5303512, at *6 (E.D. Va. Mar. 23, 2005). Moreover, Plaintiff fails to allege facts suggesting that he sustained any significant injury as a result of his conditions of confinement. *De'Lonta*, 330 F.3d at 634. Accordingly, he has not adequately pled a claim for cruel and unusual punishment. *Knight*, 2011 WL 4101664, at *3. Because Knight has not alleged treatment amounting to cruel and unusual punishment, it is RECOMMENDED that Claim 1 be DISMISSED.

#### B.    Claim 2: Due Process

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State*

---

[4] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1.

*Colls. v. Roth*, 408 U.S. 564, 569 (1972). Thus, the first step in analyzing a procedural due process claim is to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citing cases). A liberty interest may arise from the Constitution itself, or from state laws and policies. *See Wilkinson v. Austin*, 545 U.S. 209, 220-21 (2005).

To demonstrate the existence of a state-created liberty interest, Plaintiff must make a threshold showing that the deprivation imposed amounts to an "atypical and significant hardship" or that it "inevitably affect[s] the duration of his sentence." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995); *see Puranda v. Johnson*, No. 3:08CV687, 2009 WL 3175629, at *4 (E.D. Va. Sept. 30, 2009) (citing cases). If the nature of the restraint the plaintiff challenges meets either prong of this threshold, he must next show that Virginia's statutory or regulatory language "'grants its inmates . . . a protected liberty interest in remaining free from that restraint.'" *Puranda*, 2009 WL 3175629, at *4 (alteration in original) (*quoting Abed v. Armstrong*, 209 F.3d 63, 66 (2d Cir. 2000)). "Because mandatory language might create a 'right' when removing an agency's discretion, Courts generally evaluate whether the statute or regulation speaks in mandatory or permissive terms in order to make this determination." *Id.*

### 1. Security and GCA Classification

Knight complains about the denial of due process in conjunction with his security classification and Good Conduct Allowance ("GCA") classification. Knight does not enjoy a liberty interest in his security classification. *Knight*, 2011 WL 4101664, at *4.

> "An inmate does not have a constitutional right to be placed in a specific security classification or facility, and custodial classifications do not create a major disruption in a prisoner's environment." *Williams v. Johnson*, No. 7:10-cv-00377, 2010 WL 3395700, at *2 (W.D. Va. Aug. 26, 2010) (*citing Sandin*, 515 U.S. at 486-87). Placement in a higher security classification or a higher security institution does not impose an atypical and significant hardship. *Id.* Furthermore, because the Virginia Code and the relevant regulations grant absolute discretion to prison officials, this Court has repeatedly concluded that Virginia "[i]nmates have no protected liberty interest in remaining in or being assigned to a particular good conduct allowance level." *DeBlasio v. Johnson*, 128 F. Supp. 2d 315, 329 (E.D. Va. 2000) (*citing James v. Robinson*, 863 F. Supp. 275, 278 (E.D. Va. 1994), *aff'd*, No. 94-7136, 1994 WL 709646 (4th Cir. Dec. 22, 1994); *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D. Va. 1997)).

*Id.* Accordingly, it is RECOMMENDED that Claim 2(a) be DISMISSED.

### 2. Segregation or Isolation

Knight does not clearly identify whether he is being held in administrative segregation or isolation. Nevertheless, Knight fails to allege facts that plausibly suggest that he has a protected liberty interest in avoiding segregation or isolation. *See Knight*, 2011 WL 4101664, at *5.

> The courts in the Fourth Circuit have repeatedly rejected the notion that inmates enjoy a protected liberty interest in avoiding confinement in segregation. *See United States v. Daniels*, 222 F. App'x 341, 342 n.* (4th Cir. 2007) ("Extended stays on administrative segregation ... do not ordinarily implicate a protected liberty interest." (*citing Beverati*, 120 F.3d at 502)). However, some courts have concluded that inmates may enjoy a liberty interest in avoiding solitary confinement or isolation. *Compare Bynum v. Saunders*, No. 3:10CV28-HEH, 2010 WL 4975428, at *2 (E.D. Va. Nov. 30, 2010) (citing cases for the proposition that there is no liberty interest in avoiding placement in isolation), *with Brown* [*v. Angelone*, 938 F. Supp. 340, 344 (*citing Wolff v. McDonnell*, 418 U.S. 539, 566 (1974))]. Nevertheless, after *Iqbal* and *Sandin*, the simple label of solitary confinement does not sufficiently plead a plausible claim for a denial of due process. *See Iqbal*, 129 S. Ct. at 1949. Rather, a plaintiff must allege facts suggesting that his or her conditions in administrative segregation or solitary confinement [constitute] an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *Stoudemire v. S.C. Dep't Corr.*, No. 8:08-03866, 2009 WL 2207819, at *4 (D.S.C. July 23, 2009). Plaintiff has not done so. Therefore, he has failed to allege a plausible claim that he has a liberty interest in avoiding placement in segregation or solitary confinement.

*Id.* Because Knight has not identified a protected liberty or property interest entitled to the protections guaranteed by the Due Process Clause, it is RECOMMENDED that Claim 2(b) be DISMISSED.

### C. Claim 3: Equal Protection

Knight also makes a passing reference that his right to equal protection was violated. Knight, however, has not alleged that he was "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Accordingly, Knight has failed to plead an equal protection claim. It is RECOMMENDED that Claim 3 be DISMISSED.

(Report and Recommendation entered October 31, 2011.) Knight was advised that he could file objections within fourteen (14) days of the date of entry thereof. More than fourteen (14) days have elapsed and Knight has not responded.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

There being no objections, the Report and Recommendation will be ACCEPTED and ADOPTED. The action will be DISMISSED. Knight's Motion for Default Judgment (Docket No. 19) will be DENIED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order shall accompany this Memorandum Opinion.

Date: 1/11/12
Richmond, Virginia

/s/
James R. Spencer
United States District Judge